ARK.-BEST FREIGHT SYSTEM, INC. *v.* MISSOURI PACIFIC TRANSPORT CO.

5-2421                                              348 S. W. 2d 694

Opinion delivered May 29, 1961.

[Rehearing denied September 11, 1961.]

*Clifton Wade* and *Louis Tarlowski,* for appellant.

*Pat Mehaffy, William J. Smith, R. Ben Allen,* for appellee.

GEORGE ROSE SMITH, J. This case is a sequel to two earlier proceedings which reached this court, *Ark. Express, Inc.,* v. *Columbia Motor Transport Co.,* 212 Ark. 1, 205 S. W. 2d 716, and *Ark. Motor Freight Line, Inc.* v. *Mo. Pac. Freight Transport Co.,* 230 Ark. 587, 326 S. W. 2d 820. In the first proceeding Columbia Motor Transport Company, which was the appellee's predecessor, was granted authority to operate as a common carrier of general commodities over certain highway routes, but it was not permitted to carry freight originating in Little Rock and destined for El Dorado or Gurdon. In the second proceeding the appellee sought the removal of the restriction just mentioned. We held that the removal of the restriction would amount in substance to the granting of a new certificate, so that the applicant was required to submit proof that the public convenience and necessity would be served by the requested removal of the restriction.

In the present proceeding the appellee, which is a wholly owned subsidiary of the Missouri Pacific Railroad Company, again seeks permission to engage in the carriage of general commodities from Little Rock to El Dorado and Gurdon. The application was resisted by the appellant and by Atlas Transit & Warehouse Company, both of which are motor carriers already operating in the field that the appellee proposes to serve. The Commerce Commission, by a vote of two to one, found that the appellee's application should be granted, and that order was upheld by the circuit court. The appeal brings the record to this court for a trial *de novo.* *Wisinger* v. *Stewart,* 215 Ark. 827, 223 S. W. 2d 604.

The preponderance of the evidence supports the Commission's finding that the appellee should be permitted to transport freight from Little Rock to Gurdon. The present service between those cities is shown to be

inadequate. The appellant, Arkansas-Best, carries most of the tonnage along this route, but it does not make deliveries in Gurdon. Instead, it unloads Gurdon-bound merchandise at Arkadelphia, and from there deliveries to Gurdon are made twice a week by another carrier. Arkansas-Best regards its Little Rock to Gurdon business as unprofitable, and, owing to the light volume of traffic, it has no plans to expand its present service. By contrast the appellee proposes daily service from Little Rock to Gurdon, with the exception of Saturdays and Sundays. Without discussing the proof in detail we think it sufficient to say that the Commission was fully justified in approving the appellee's application as far as Little Rock-to-Gurdon shipments are concerned.

On the other hand, the weight of the evidence does not support the view that the proposed additional service from Little Rock to El Dorado would serve the public interest. This route is already being adequately served by at least three authorized motor carriers. All that the appellee really proposes to do is to improve the service slightly by offering later afternoon pick-ups in Little Rock and earlier morning deliveries in El Dorado. Our reasons for finding the appellee's proof to be insufficient can best be explained after first discussing the service already being rendered by Arkansas-Best, which is the principal carrier between the two cities in question.

Arkansas-Best's testimony shows, and it is reasonable to believe, that overnight service such as this ordinarily involves picking up the freight during the afternoon, transporting it from one city to the other during the night, and delivering it the next morning. There is no suggestion in the record that any other method of operation would be equally as efficient as this.

Arkansas-Best maintains a fleet of about thirty pick-up trucks at its depot in Little Rock. These trucks are used to make the afternoon collections of outgoing freight and to take it to the carrier's depot. There is some testimony, principally hearsay, that Arkansas-Best does not make collections after 3:00 p.m., but the more

direct and convincing proof is that collections ordinarily continue until about five o'clock, with even later service being available in emergencies. It is shown that the Little Rock city officials have asked the appellant to have its trucks off the streets before the late afternoon traffic becomes heavy.

At the depot the merchandise is sorted and loaded into the large vehicles used on the highways. The first El Dorado-bound shipment leaves Little Rock at about midnight and reaches El Dorado at about 4:00 a.m. Arkansas-Best's depot there opens at 6:00 a.m. A second shipment usually arrives at about eight in the morning, but in view of the testimony in this proceeding the company plans to reschedule the second shipment so that it will reach its destination somewhat earlier.

At El Dorado the freight must be unloaded from the large vehicles, sorted, and reloaded in the pick-up trucks that are used for deliveries. This process takes an hour or more. It appears that deliveries begin at about nine o'clock and may continue until as late as the early afternoon.

The appellee produced eight public witnesses from El Dorado, whose testimony is substantially similar. These men say that the appellee has promised to make early morning deliveries; several of the witnesses mentioned 8:00 a.m. as the proposed time for deliveries. These witnesses also understand, though this is based on hearsay, that the carriers now operating do not make collections in Little Rock as late in the afternoon as the appellee has promised to do. Almost no complaint, however, has been made to the present carriers, and for the most part the witnesses would be equally well satisfied if those carriers would improve their service in the two particulars mentioned. There is testimony on the part of Arkansas-Best that the suggested improvements are being put into effect on its line.

The appellee also offered one company witness who simply stated, without going into detail at all, that his

company proposes to make a late afternoon pick-up of shipments in Little Rock and to transport these shipments by trucks leaving Little Rock at midnight and reaching El Dorado at 7:00 a.m. The Commission's order granting the application makes no requirement that the proposed improvements be put into effect by the appellee. As far as we can see there is really no assurance whatever that the appellee's service will actually be superior to that already available to the public.

We are unable to say that the appellee has met the burden of proving that its application should be granted with respect to the Little Rock-El Dorado route, under the principles approved in *Mo. Pac. R. Co.* v. *Williams,* 201 Ark. 895, 148 S. W. 2d 644. The proof is noticeably deficient in that no attempt has been made to show how the appellee will carry out its promises, such as that of early morning deliveries. According to the appellee's own witness its truck will arrive in El Dorado at seven in the morning, which is an hour later than the Arkansas-Best depot opens there. The appellant's uncontradicted evidence proves that after the freight reaches El Dorado it must be unloaded, sorted, reloaded in smaller trucks, and delivered to the various consignees. There is no basis in the record for finding that these necessary steps can be performed more quickly by the appellee than by the other carriers. Thus we are unable to find support in the testimony for the principal premise upon which the majority members of the Commission rested their order.

It is not clear from the record and briefs whether the appellee wishes to serve Gurdon without also serving El Dorado, or whether that limited authority would have been granted by the Commission. The cause will therefore be remanded, through the circuit court, to the Commission, with directions to deny the application insofar as it involves the Little Rock-El Dorado route and to enter an appropriate order with respect to the Little Rock-Gurdon route.

Reversed and remanded.